UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CARDELL SANDERS, JR.                )
Plaintiff,                          )
                                    )  4:20-cv- 13014
v.                                  ) Hon. _____
                                    )
GENESEE COUNTY, PAUL WALLACE,       )
JAY PARKER, JOE LEE, JOHN DOE 1,    )
SHANA MCCALLUM, SEAN POOLE, and     )
JOHN DOE 2                          )

Defendants.

## COMPLAINT FOR CONSTITUTIONAL VIOLATIONS, DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND JURY DEMAND

Plaintiff Cardell Sanders, Jr. ("Plaintiff"), by and through his attorney, Celeste M. Dunn, PLC, states for his Complaint as follows:

1.     This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of Plaintiff's constitutional rights against Defendants and conversion.

2.     Plaintiff seeks a declaratory judgment that prohibits Defendants from entering onto the property of Plaintiff, or the property of any other dog owner, for the purpose of seizing the owners' dogs in contravention of both Michigan law and the U.S. Fourth Amendment.

3.     Plaintiff also seeks preliminary and permanent injunctive prohibiting

Defendants from holding or otherwise possessing Plaintiff's dogs.

## JURISDICTION

4.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367(a), 1341 and 2201.

## VENUE

5.     Venue is proper under 28 U.S.C. § 1391(b).

6.     The incidents that give rise to this suit all occurred in Flint, Michigan, which is situated in Genesee County, Michigan.

7.     Defendant Genesee County is an agency of a political subdivision of the State of Michigan acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action.

8.     Defendant Paul Wallace is the former director of the Genesee County Animal Control (hereinafter "Animal Control"), which is a department of Genesee County, a political subdivision of the State of Michigan, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action.

9.     Defendant Jay Parker is the current director of the Genesee County Animal Control, which is a department of Genesee County, a political subdivision of the State of Michigan, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action.

10.     Defendant Joe Lee is an employee and public safety officer of the Genesee

2

County Animal Control, which is a department of Genesee County, a political subdivision of the State of Michigan, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action.

11. Defendant John Doe 1 is an employee and public safety officer of the Genesee County Animal Control, which is a department of Genesee County, a political subdivision of the State of Michigan, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action.

12. Defendant Shana McCallum is an employee and public safety officer of the Charter Township of Flint (hereinafter "Flint Township"), a political subdivision of the State of Michigan, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action.

13. Defendant Sean Poole is an employee and public safety officer of the Charter Township of Flint, a political subdivision of the State of Michigan, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action.

14. Defendant John Doe 2 is an employee and public safety officer of the Charter Township of Flint, a political subdivision of the State of Michigan, acting under color of State law and is a person for purposes of a 42 U.S.C. § 1983 action.

## COLOR OF STATE LAW

15. At all times relevant herein, Defendants acted under color of state law.

## FACTUAL BACKGROUND

16. Plaintiff has maintained his residence at 2582 Bertha Avenue, Flint,

3

Michigan during all relevant time related to this action.

17.    On July 8, 2020, and to the present, Plaintiff is the owner of 5 dogs named Bud, Heartless, Titan, Samson, and Isis.

18.    On July 8, 2020, Defendants entered Plaintiff's property for the stated purpose of taking Plaintiff's dogs.

19.    On that day, Plaintiff arrived at his residence in the early evening to find an Animal Control vehicle parked in his driveway, along with a Flint Township patrol car on the street in front of the house next door.

20.    Defendant McCallum met Plaintiff in the driveway and immediately stated to him that "we are taking your dogs" and that "we already have the two little dogs"; the two little dogs names being Bud and Heartless.

21.    As Plaintiff proceeded to the backyard being the location of Titan, Samson, and Isis, Defendant McCallum called for backup assistance and several officers came upon the scene, the exact number is unknown.

22.    Defendant Lee, Defendant Poole, Defendant Wallace, Defendant John Doe 1, and Defendant John Doe 2, and possibly other officers, took part in what was described as an "animal pickup" in the Animal Control Incident Report, Incident ID: 11472.

23.    At one point, Defendant McCallum pulled her gun from its holster demanding that Plaintiff give them Samson and Isis after Defendants had hit and dragged Titan to their van.

24.     At no time during the July 8, 2020 incident at Plaintiff's residence, or thereafter, did any of the Defendants produce a warrant or a citation to Plaintiff, even after Plaintiff asked to see a warrant, citation, or other paperwork.

25.     On July 9, 2020, the next day, Plaintiff went to the Animal Control shelter where he was advised by Defendant Wallace that he could neither see his dogs nor could they be released to him until the Flint Township police released them.

26.     Following on that same day, July 9, 2020, Plaintiff went to the Flint Township police station to inquire about his dogs at which time he was advised that the dogs could not be released as they were waiting on the prosecutor and investigator.

27.     Plaintiff then returned to the Animal Control shelter on that same day to get his dogs and he was told by Defendant Wallace that he was not getting his dogs back and with the assistance of other unknown officers was forced to leave the premises and ordered not to come back.

30.     On October 2, 2020, Plaintiff again appeared at the Animal Control shelter to pick up his dogs where he was told by two unknown officers (1) they could not release the dogs until a court releases them, and (2), that they decided to euthanize Plaintiff's dog Bud as he allegedly had heartworm.

31.     At the filing of this action, Defendant Genesee County has not released Plaintiff's four remaining dogs to him.

32.     "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen of the

United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. Sect. 1983.

## COUNT I
## VIOLATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983 AND FOURTH AMENDMENT

33. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

34. The Fourth Amendment of the United States Constitution, U.S. Const. amend. IV, prohibits the government from unreasonably seizing or destroying or seizing a citizen's property. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

35. "[T]here is a constitutional right under the Fourth Amendment to not have one's dog unreasonably seized." *Brown v. Battle Creek Police Department,* 844 F.3d 556, 566 (6th Cir. 2016). It is settled law, negating any qualified immunity, that the owners of dogs, even unlicensed ones, are entitled to constitutional and fourth amendment protections as they retain a property interest in the dogs. *Smith v Detroit, et al*, 751 Fed. Appx. 691, 696 (2018).

36. "The destruction of property by state officials poses as much of a threat, if not more, to people's right to be 'secure . . . in their effects' as does the physical taking of

them." *Fuller v. Vines*, 36 F.3d 65, 68 (9th Cir. 1994), overruled on other grounds, *Robinson v. Solano County*, 278 F.3d 1007, 1013 (9th Cir. 2002) (citation omitted).

37.    "The killing of [a] dog is a destruction recognized as a seizure under the Fourth Amendment" and can constitute a cognizable claim under § 1983.  *Id.*

38.    Dogs are more than just a personal effect. *San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose,* 402 F.3d 962, 975 (9th Cir. 2005) (holding that defendant police's shooting of plaintiff's dogs was an unreasonable seizure).

39.    The emotional attachment to a family's dog is not comparable to a possessory interest in furniture.  *Id*.

40.    Plaintiff's Fourth Amendment interests involved are substantial because "the bond between a dog owner and his pet can be strong and enduring," and Plaintiff thinks of his dogs "in terms of an emotional relationship, rather than a property relationship." *Altman v. City of High Point, N.C.*, 330 F.3d 194, 205 (4th Cir. 2003).

41.    Defendants' acts described herein were, and continue to be, objectively unreasonable.

42.    Defendants' actions have resulted in the death of Plaintiff's dog Bud by way of its decision to euthanize.

43.    Defendants continue the seizure with the apparent intent of permanently depriving Plaintiff of his dogs Heartless, Titan, Samson and Isis.

44.    Indeed, Defendants' acts described herein both individually and collectively were and are intentional, grossly negligent, and/or amount to reckless or callous

7

indifference to Plaintiff's constitutional rights.

45.    Defendants' actions are unreasonable under the totality of the circumstances and therefore constitute an unreasonable seizure under the Fourth Amendment.   The Fourth Amendment violations continue to this day.

46.    No governmental interest justifies the intrusion and deprivation of Plaintiff's dogs involved in this case.

47.    The right to possess a dog is clearly established. *Lesher v. Reed*, 12 F.3d 148, 150-51 (8th Cir. 1994).

48.    As a direct and proximate cause of Defendants' unlawful seizure of Plaintiff's dogs, including the euthanasia of his dog Bud, Plaintiff has suffered and continues to suffer damages, including mental pain and anguish that flow naturally from the constitutional violations.   *Moreno v. Hughes*, 2016 U.S. Dist. 5697 (E.D. Mich. Jan. 19, 2016) (holding that mental anguish and suffering damages are recoverable under the Civil Rights Act where police officers violate the Fourth Amendment by unreasonably shooting plaintiff's dog).

## Compensatory Damages

49.    Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages.

## Punitive Damages

50.    Defendants' actions were reckless; showed and continue to show callous indifference toward the rights of Plaintiff; and were taken in the face of a perceived risk

that the actions would violate federal law.

51.    Plaintiff is entitled to an award of punitive damages against Defendant, in order to punish them and to deter others.

**Attorney's Fees**

52.    Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff requests the injunctive and declaratory relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT II
VIOLATION OF CIVIL RIGHTS
42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT
PROCEDURAL DUE PROCESS**

53.    Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

54.    The Fourteenth Amendment provides "nor shall any state deprive any person of life, liberty or property, without due process of law."  U.S. Const. amend. XIV, sect. 1, cl. 3.

55.    To establish a procedural due process claim under 42 U.S.C. Sect. 1983, a plaintiff must show that (1) it had a life, liberty, or property interest protected by the

Due Process Clause; (2) it was deprived of this protected interest; and (3) the state did not afford it adequate procedural rights.  See *Daily Servs., LLC v. Valentino*, 756 F.2d 893, 904 (CA6 2014).

56.   Plaintiff has a protected property interest in his dogs. MCL 287.286a; MCL 287.321, *et seq., Brown*, *supra*., *Smith*, *supra*.

57.   Plaintiff's protected property interest in his dogs has been, and is being, denied due to the unlawful seizure.

58.   Plaintiff seeks to protect his Procedural Due Process Rights which Defendants continue to deprive him of same.   There is no other procedural remedy offered to Plaintiff to achieve the release of the dogs.

59.   Therefore, Plaintiff has a constitutionally protected interest that is being affected as a direct and proximate cause of Defendants' actions of seizing the dogs.  As a direct and proximate cause of Defendants' actions, Plaintiff has been and continues to be damaged.

## Compensatory Damages

60.   Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages.

## Punitive Damages

61.   Defendants' actions were reckless; showed and continue to show callous indifference toward the rights of Plaintiff; and were taken in the face of a perceived risk that the actions would violate federal law.

62.   Plaintiff is entitled to an award of punitive damages against Defendants, in

order to punish them and to deter others.

**Attorney's Fees**

63.    Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff requests the injunctive and declaratory relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## COUNT III
## VIOLATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT
## SUBSTANTIVE DUE PROCESS

64.    Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

65.    The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution provides that no State can "deprive any person of life, liberty or property, without due process of law."  U.S. Const. amend. XIV, sect. 1, cl.3.

66.    The substantive component of the Due Process Clause prohibits government from taking action that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." *United States v Salerno*, 481 U.S. 739, 746 (1987).

67.    Plaintiff has a protected property interest in his dogs.

68.    Defendants have been on notice of Plaintiff's property interest, and Defendants' actions resulted in the seizure of his dogs.

69.    Defendants' actions shocks the conscience and interferes with Plaintiff's deeply-rooted property rights as they continue every day to violate his rights as outlined in the General Allegations and each of the Counts of this Complaint, which are incorporated into this Paragraph by reference.

70.    There is no compelling governmental interest achieved by the continual denial of due process nor is there any rational basis to deprive Plaintiff of his property interest without affording him due process.

71.    Defendants' actions are a direct and proximate cause of the violation of substantive due process.  As a direct and proximate cause of these actions, Plaintiff has been damaged.

## Compensatory Damages

72.    Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of compensatory damages.

## Punitive Damages

73.    Defendants' actions were reckless; showed and continue to show callous indifference toward the rights of Plaintiff; and were taken in the face of a perceived risk that the actions would violate federal law.

74.    Plaintiff is entitled to an award of punitive damages against Defendant, in order to punish them and to deter others.

**Attorney's Fees**

75.     Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff requests the injunctive and declaratory relief describe herein, compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT IV**
**POLICY AND CUSTOM LIABILITY**

76.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

77.     Defendant Genesee County is and was aware of Plaintiff's ownership interests.

78.     Defendant Genesee County's actions and inaction demonstrate its policy of failing to recognize constitutionally protected property ownership rights that are clearly outlined in the federal system and in the Federal Sixth Circuit Court of Appeals.

79.     Defendant Genesee County's policy and custom violates both the 4th Amendment and 14th Amendment of the U.S. Constitution.

80.     As a direct and proximate cause of Defendant Genesee County's policy and custom, Plaintiff's constitutional rights have been and continue to be violated and have

caused Plaintiff to be damaged.

**Compensatory Damages**

81.     Under 42 U.S.C. § 1983 Plaintiff is entitled to an award of

compensatory damages.

**Punitive Damages**

82.     Defendant Genesee County's actions were reckless; showed and continue to

show callous indifference toward the rights of Plaintiff; and were taken in the face of a

perceived risk that the actions would violate federal law.

83.     Plaintiff is entitled to an award of punitive damages against Defendant

Genesee County, in order to punish them and to deter others.

**Attorney's Fees**

84.     Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation,

then he will be entitled to receive an award of reasonable attorney's fees, non-taxable

expenses and costs.

WHEREFORE, Plaintiff requests the injunctive and declaratory relief describe

herein, compensatory damages in a fair and reasonable amount, for punitive damages,

for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff

prays for such other relief as may be just under the circumstances and consistent with

the purpose of 42 U.S.C. § 1983.

**COUNT V**
**CONVERSION**

85.     Plaintiff repeats his prior allegations.

86.    "Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Thoma v. Tracy Motor Sales, Inc.,* 360 Mich. 434, 438, 104 N.W.2d 360 (1960)(quoting *Nelson & Witt v. Texas Co.,* 256 Mich 65, 70 (1931)).

87.    Defendants' continued seizure of Plaintiff's dogs beginning on July 8, 2020, including the deliberate killing of Plaintiff's dog Bud at the Animal Control shelter sometime after, is a distinct act of dominion wrongfully exerted over his dogs in denial of or inconsistent with his rights.

WHEREFORE, Plaintiff requests relief under applicable law or in equity, including, without limitation, a judgment and an award of statutory treble damages and all reasonable costs, interest and attorney fees.  M.C.L. § 600.2919a.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

CELESTE M. DUNN, PLC

By:  /s/ Celeste M. Dunn

_____
Celeste M. Dunn (P61819)
Celeste M. Dunn, PLC
P.O. Box 230
Clarkston, MI 48347
(248) 701-3467

November 10, 2020