UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARDELL SANDERS, JR.,

    Plaintiff,

v.

GENESEE COUNTY, ET AL.,

    Defendants.

Case No. 20-cv-13014

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER GRANTING DEFENDANTS LEYTON AND MCLAREN'S MOTION TO DISMISS [#30]; DENYING PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT [#53]; AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [#54]**

**I. INTRODUCTION**

Plaintiff Cardell Sanders, Jr. initiated this action against thirteen Defendants: Paul Wallace, Jay Parker, Joe Lee, Shana McCallum, Sean Poole, Lacey Lopez, Alex Minto, David Leyton, Janet McLaren, Officer John Doe 1, John Doe 2, Charter Township of Flint, and Genesee County (collectively, "Defendants"). *See* ECF No. 1. Plaintiff alleges that Defendants deprived him of his constitutional rights after seizing five dogs on his property following complaints of animal abuse. On December 31, 2020, Plaintiff filed his First Amended Complaint alleging several civil rights claims under 42 U.S.C. § 1983 and one state law claim for conversion. *See* ECF No. 18.

1

Presently before the Court is Defendants Leyton and McLaren's Motion to Dismiss, ECF No. 30, Plaintiff's Motion to Amend First Amended Complaint, ECF No. 53, and Plaintiff's Motion for Reconsideration, ECF No. 54.  The motions are all fully briefed.  A hearing on this matter was held on July 23, 2021.  For the reasons that follow, the Court will GRANT the Motion to Dismiss [#30], DENY the Motion to Amend [#53], and DENY the Motion for Reconsideration [#54].

## II. BACKGROUND

The instant matter concerns the seizure of five dogs from Plaintiff's home in Flint, Michigan on July 8, 2020.  ECF No. 18, PageID.199-200.  An individual called 911 to report that the dogs were without adequate water or food in extreme heat.  ECF No. 17, PageID.140.  Plaintiff was not present at the time of the call or the Defendant officers' initial arrival at his Flint home.  The officers investigated the animals' health conditions and circumstances and determined that it was appropriate to contact Genesee County Animal Control to assist the officers with removal of the dogs from the property.  *See* ECF No. 51, PageID.646.  Plaintiff maintains that Defendants did not have a warrant, nor probable cause due to exigent circumstances, to justify the seizure of his dogs from his home.  *See* ECF No. 18, PageID.200.

Plaintiff filed his initial Complaint on November 10, 2020.  *See* ECF No. 1.  The First Amended Complaint was filed on December 31, 2020, and added Defendant David Leyton, a prosecutor for Genesee County, and Janet McLaren, a

Special Assistant Attorney General for the State of Michigan. ECF No. 18, PageID.199. Defendants Leyton and McLaren are the subjects of Count VI of Plaintiff's First Amended Complaint, which alleges that Defendants proceeded with state criminal prosecution and forfeiture proceedings in retaliation for Plaintiff's filing of the instant lawsuit in November 2020. ECF No. 30, PageID.384; ECF No. 48, PageID.575.

Defendants maintain that Plaintiff was advised on July 8, 2020 that criminal charges would be investigated in relation to the incident. ECF No. 51, PageID.647. Defendants also state that the original criminal complaint against Plaintiff was authorized by Defendant McLaren on July 30, 2020—four months before Plaintiff filed his federal lawsuit. ECF No.30, PageID.384. Plaintiff asserts, however, that the state criminal and civil forfeiture proceedings were initiated in retaliation for the filing of his federal complaint in this Court and "that the charges would not have been brought by Defendant prosecuting attorneys had Plaintiff not filed this civil rights action." ECF No. 48, PageID.578.

On February 9, 2021, this Court issued an Opinion and Order denying Plaintiff's first and second preliminary injunction motions. *See* ECF No. 51, PageID.644. In its Order, the Court found that Plaintiff failed to carry his burden to demonstrate a likelihood of success on the merits of Count VI, his First Amendment retaliation claim. *See id.* at PageID.658. The Court noted that Plaintiff had failed to

3

produce evidence suggesting a bad faith prosecution, and that Defendants Leyton and McLaren may have absolute immunity from suit. *See id.* Finally, the Court found that Plaintiff did not demonstrate the threat of irreparable and immediate harm, risk of harm to others, or sufficient public interest to warrant a grant of his preliminary injunction motions. *See id.* at PageID.658-60.

Defendants Leyton and McLaren now seek dismissal from this case. Plaintiff separately seeks leave to amend his First Amended Complaint and asks this Court to reconsider its February 9, 2021 Opinion and Order denying Plaintiff's motions.

### III. DEFENDANTS LEYTON AND MCLAREN'S MOTION TO DISMISS

#### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a district court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of his factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). While courts are required to accept the factual allegations in a complaint as true, *Twombly,* 550 U.S. at 556, the presumption of truth does not apply to a claimant's legal conclusions. *See Iqbal,* 556 U.S. at 678. Therefore, to survive a motion to dismiss, the plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555) (internal citations and quotations omitted).

**B. Discussion**

Defendants Leyton and McLaren argue that dismissal is warranted because the Court must abstain from this matter given the pending criminal and civil state proceedings. ECF No. 30, PageID.388. Plaintiff argues that abstention is not required because he has adequately pled a *prima facia* case of retaliation under the First Amendment. ECF No. 48, PageID.578. He further maintains that, even if Defendants demonstrate the initial factors favoring abstention, the facts of Plaintiff's

case establish an exception to abstention and that the dismissal motion should be denied. *Id.* at PageID.586.

Before the Court may consider the sufficiency of the merits of Plaintiff's Count VI, it must first determine whether *Younger* requires this Court to abstain from the matter and dismiss the claim. *Younger v. Harris*, 401 U.S. 37, 44 (1971). "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." *Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44). As the Sixth Circuit has recognized, the exercise of *Younger* abstention is appropriate "when the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Each of the three criteria is present here.

First, Plaintiff's criminal prosecution and civil forfeiture is currently pending in the 67th District Court of Genesee County, Michigan. *See* ECF No. 18, PageID.212. Plaintiff does not dispute the existence of the state court proceedings and describes in detail the extent of the civil and criminal actions against him. *See, e.g.,* ECF No. 48, PageID.577. While Plaintiff emphasizes that the state court proceedings were initiated after the filing of his federal complaint, the United States

Supreme Court has found that district courts may still consider these proceedings as ongoing for *Younger* abstention purposes. *See Hicks v. Miranda,* 422 U.S. 332, 349 (1975) ("[W]here state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force."). The first *Younger* factor is therefore satisfied.

Second, a criminal prosecution unquestionably involves important state interests. "[S]tate criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere." *Leveye v. Metro. Pub. Def.'s Office*, 73 F. App'x. 792, 794 (6th Cir. 2003). The same may be said for civil forfeiture actions; the Sixth Circuit has determined that civil forfeiture proceedings fall within the ambit of *Younger* abstention as well. *See Loch v. Watkins*, 337 F.3d 574, 579 (6th Cir. 2003) (noting that other courts have found that forfeiture proceedings are "quasi-criminal in nature" and concluding that "Michigan's interest in its forfeiture laws is directly correlated with its interest in the enforcement of the criminal laws."). The second criterion is therefore also satisfied.

Finally, Plaintiff has failed to persuade this Court that he cannot adequately raise his constitutional claims in his state court proceedings. Plaintiff cites to a case outside this Circuit, *Wilson v. Thompson*, 593 F. 2d 1375, 1382 (5th Cir. 1979), to support his attempt "to protect his federal right not to be subjected to a bad faith

7

prosecution, a right that cannot be vindicated while being prosecuted." ECF No. 48, PageID.587. In *Wilson*, the Fifth Circuit found that the plaintiff established irreparable injury with respect to his retaliation claim for the purposes of his preliminary injunction motion. 593 F. 2d at 1383. Both the procedural posture and substantive nature of Plaintiff's claim in the instant matter, however, directs this Court to a different analytical conclusion. As an initial matter, the Supreme Court has emphasized that "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

Moreover, courts in this Circuit have found that a plaintiff seeking to enjoin state court proceedings has ample opportunities to raise constitutional claims identical to those made by Plaintiff here. *See, e.g., Kelm v. Hyatt*, 44 F.3d 415, 420–21 (6th Cir. 1995) (holding that the state courts "have given us no reason to question their ability or willingness to address [the plaintiff's] constitutional questions."). This principle extends to cases alleging a bad faith prosecution deriving from the exercise of a constitutional right. *See Tobias v. State of Michigan, et al.*, No. 17-13759, 2018 WL 3434344, at *4 (E.D. Mich. July 17, 2018), *aff'd sub nom. Tobias v. State*, No. 18-1892, 2018 WL 8969133 (6th Cir. Dec. 17, 2018) (finding that the

plaintiff did not identify any barrier to raising her constitutional challenges under the Second Amendment in her state court criminal prosecution).

Thus, Plaintiff has not provided controlling or current case law that demonstrates the state procedures will not afford him an adequate opportunity to raise his constitutional claims. The Court agrees with the Sixth Circuit in finding that Plaintiff has failed to prove the inadequacy of the Michigan courts to address his First Amendment claim against Defendants Leyton and McLaren. *See Kelm*, 44 F.3d at 420–21. Accordingly, because there is "no impediment to [Plaintiff]'s raising the constitutional issues of this case in the state proceedings," the third prong of the *Younger* abstention analysis is met here. *Loch v. Watkins*, 337 F.3d 574, 579 (6th Cir. 2003).

Even in cases where abstention is warranted, however, a plaintiff may attempt to demonstrate that an exception to *Younger* applies to his case. *See Doe v. Univ. of Kentucky*, 860 F.3d 365, 371 (6th Cir. 2017). The exceptions "include bad faith, harassment, or flagrant unconstitutionality of the statute or rule at issue." *Id.* (citing *Fieger*, 74 F. 3d at 750). In this case, Plaintiff proceeds under the first exception, arguing that "*Younger* abstention is not appropriate [because] a significant chilling effect on Plaintiff's First Amendment rights is created by a bad faith prosecution[.]" ECF No. 48, PageID.588. Plaintiff maintains that the state proceedings "are almost

9

certainly retaliatory in nature" given the timing between the filing of Plaintiff's federal complaint and the filing of the criminal and civil complaints against him. *Id.*

The bad faith exception, however, has a limited application to extreme facts often involving repeated prosecutions or instances of knowingly unlawful behavior. *See, e.g., Ken-N.K., Inc. v. Vernon Twp.*, 18 F. App'x 319, 324−25 n.2 (6th Cir. 2001); *Tindall v. Wayne Cty. Friend of the Court*, 269 F.3d 533, 539 (6th Cir. 2001). Such cases, therefore, "are exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court." *Tindall*, 269 F. 3d at 539.

In the instant matter, Plaintiff's allegations of retaliatory prosecution initiated by Defendants McLaren and Leyton in bad faith fall far short of the required showing. This Court maintains that "Plaintiff has failed to allege sufficient facts to demonstrate that the prosecutions were motivated by, and not just temporally proximate to, the filing" of the instant federal complaint. ECF No. 51, PageID.657 (citing *King v. Zamiara*, 680, F. 3d 686, 694 (6th Cir. 2012)). While Plaintiff emphasizes the delay in the swearing out of the second criminal complaint, the existence of the authorized first criminal complaint belies his argument. Specifically, Plaintiff was advised on the day of the incident, July 8, 2020, that criminal charges would be investigated, and the first criminal complaint was authorized on July 30, 2020. *See* ECF No. 18-1, PageID.222. The Court agrees with

Defendants that it is logically difficult to argue a bad faith prosecution from November 2020 when the criminal investigation and warrant authorization occurred in July 2020. *Id.*; ECF No. 52, PageID.666.

However, even accepting the Plaintiff's factual allegations as true, "the standard for evaluating claims of bad faith and bias is difficult to meet." *O'Brien v. Herold*, No. 2:20-CV-02406, 2021 WL 364255, at *6 (S.D. Ohio Feb. 3, 2021) (quoting *Berger v. Cuyahoga Cty. Bar Ass'n*, 775 F. Supp. 1096, 1100 (N.D. Ohio 1991)). Plaintiff's allegations of retaliatory action and improper motive in the state court proceedings are not so egregious as to warrant *Younger* abstention. *Id.* at *7 ("While Mr. O'Brien has made some allegations of improper motivations of the Panel and the Relators, none of the allegations, even if assumed to be true, rises to the level of egregious bad faith or harassment required for an exception to *Younger* abstention . . . [t]he Court thus declines to apply the bad faith exception here."). Further, as in an analogous Sixth Circuit case, this case does not present allegations of repeated prosecutorial threats against Plaintiff "without any expectation of securing a valid conviction," nor do the facts suggest that the prosecution was initiated "to discourage [Plaintiff] from asserting [his] constitutional rights." *Fieger*, 74 F.3d at 750.

Most importantly, Plaintiff has failed to establish that the state court is an inadequate forum to raise his constitutional claims. The Sixth Circuit has

emphasized that "[w]here there exists the possibility of raising and correcting constitutional claims in state courts, the principles of federalism and comity expressed in *Younger* require that a criminal defendant must first exhaust his state appellate remedies before seeking relief in the District Court." *Ballard v. Stanton*, 833 F.2d 593, 594 (6th Cir. 1987) (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975)). Defendants further emphasize that bad faith prosecutions or prosecutorial vindictiveness as a result of engagement in constitutional conduct may be raised as a defense in Michigan state criminal cases. *See, e.g., See People v. Jones*, 252 Mich. App. 1, 7, 650 N.W.2d 717, 720 (2002). The burden rests on Plaintiff to demonstrate that the state court is inadequate or "that state procedural law barred presentation of [his] claims." *Fieger*, 74 F.3d at 746 (quoting *Pennzoil Co.*, 481 U.S. at 14). As in *Fieger*, Plaintiff has not met his burden here.

Accordingly, the Court finds that Plaintiff's case does not fall into any of the *Younger* exceptions. Abstention is therefore applicable to Count VI, and Defendant Leyton and McLaren's Motion to Dismiss will be granted on these grounds.[1]

---

[1] During the hearing on this matter, the parties agreed that the only claim against Defendants Leyton and McLaren was Count VI. Because Count VI seeks equitable relief only, the parties conceded that Defendants' absolute and qualified immunity defenses were no longer applicable. The Motion to Dismiss is thus granted on abstention grounds, and no further discussion of immunity is necessary.

### IV. PLAINTIFF'S MOTION TO AMEND HIS FIRST AMENDED COMPLAINT

Additionally, Plaintiff seeks to amend his First Amended Complaint. *See* ECF No. 53. Plaintiff first filed the instant matter on November 11, 2020. *See* ECF No. 1. On December 31, 2020, Plaintiff filed his First Amended Complaint and added one count of retaliation against Defendants McLaren and Leyton. *See* ECF No. 18.

On February 18, 2021, Plaintiff filed the present Motion seeking to add various documents to his Complaint, including email correspondence between Defendant Leyton and Flint Township as well as veterinary records from the Genesee County Animal Shelter. ECF No. 53, PageID.679-80. Plaintiff does not seek to add any additional counts or defendants. For the reasons stated below, the Court will deny Plaintiff's Motion.

#### A. Standard of Review

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading before trial as a matter of course, with the opposing party's written consent, or by leave of the Court. *See* Fed. R. Civ. P. 15(a)(1)-(2). Rule 15 clarifies that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Sixth Circuit has found that "[t]he decision as to when 'justice requires' an amendment is within the discretion of the trial judge." *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (citation and alteration omitted).

Nevertheless, "[a]lthough Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave to amend a complaint when justice so requires, the right to amend is not absolute or automatic." *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008) (internal quotation and modification omitted). The Sixth Circuit has guided that "[i]n deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001); *see Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016). "Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir. 1994) (citing *Head*, 870 F.2d at 1123).

### B. Discussion

Plaintiff states that he has "recently become aware of several facts that are important to its allegations in this matter," which require the amendment of his First Amended Complaint. ECF No. 53, PageID.678. Certain documents were purportedly provided to Plaintiff "directly by legal counsel for Flint Township and the Genesee County prosecutor's office as disclosures in their state forfeiture action

against Plaintiff." *Id.* Specifically, Plaintiff seeks to add documents that include email correspondence between Defendant Leyton and Flint Township, facts that purportedly address the illegal application of Michigan statutory provisions, and various veterinary records concerning the health of Plaintiff's dogs. *Id.* at PageID.680. Plaintiff states that the information will help buttress Count VI, his retaliation claim, as well as add to Counts I through V.

Defendants argue that the amendment would be futile because "the proposed Second Amended Complaint still fails to allege a pattern of bad-faith prosecution and harassment or that Plaintiff availed himself of state appellate processes or that the forfeiture proceeding is unrelated to the criminal animal cruelty prosecution." ECF No. 56, PageID.788. Defendants repeat many of their same arguments concerning the application of the *Younger* abstention doctrine to Count VI and assert that amendment is not warranted. *See id.* at PageID.790-94. However, while the other Defendants filed a Notice of Joinder and Concurrence to the Response, Defendant Leyton and McLaren's Response does not discuss the potential application of this material to claims other than Count VI. *See* ECF No. 57.

To the extent the new documentation purportedly adds to Plaintiff's retaliation claim, Count VI, the Court finds that amendment would be futile given the Court's determination on Defendant Leyton and McLaren's dismissal motion. *See supra*. Because *Younger* abstention is warranted for Count VI, and no exception is

15

applicable, Plaintiff's retaliation claim is not viable. Plaintiff may instead properly raise his constitutional challenges in his state court proceedings. Thus, any new documentation regarding that constitutional challenge is properly brought before the state court, not this Court. Accordingly, any amendment concerning Count VI of the First Amended Complaint is futile.

During the hearing, the Court asked Plaintiff about the relevance of the additional documents to the claims other than Count VI. The Court specifically inquired whether the new documents warranted an amendment to the First Amended Complaint, especially when such information is routinely acquired throughout the typical discovery process. Plaintiff clarified that the documentation was sought specifically for the strength of the retaliation claim, Count VI, and conceded that the other information was discoverable and could be utilized in future pleadings without need for an amendment to the Complaint.

Given the Court's grant of Defendant McLaren and Leyton's dismissal motion, the Court finds that any amendment concerning Count VI of the First Amended Complaint is futile, and any amendment as to the other counts is premature at this time. The Court will accordingly deny Plaintiff's Motion to Amend.

## V. PLAINTIFF'S MOTION FOR RECONSIDERATION

Finally, Plaintiff filed a Motion for Reconsideration of this Court's February 9, 2021 Opinion and Order denying Plaintiff's Second Motion for Preliminary

Injunction. *See* ECF Nos. 51, 54. Defendants filed their Response on July 21, 2021 and assert that denial of the reconsideration motion is appropriate. ECF No. 72. For the reasons discussed herein, the Court will deny Plaintiff's Motion.

### A. Standard of Review

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

### B. Discussion

Here, Plaintiff states that newly discovered information, which he sought to add to his First Amended Complaint in his Motion to Amend, helps demonstrate

17

how the state criminal and civil proceedings were initiated against him in retaliation for the exercise of his First Amendment rights. Plaintiff asks this Court to reverse its prior decision and enjoin the state court actions from proceeding entirely or, in the alternative, issue a temporary injunction until the Court conducts an evidentiary hearing on this matter. *See* ECF No. 54, PageID.743.

As discussed *supra*, however, this Court has already determined that Plaintiff's retaliation count must be dismissed under *Younger* abstention grounds, and that his request to amend his First Amended Complaint was futile as to Count VI and premature as to the remaining counts. Plaintiff's newly obtained documents attempt to strengthen the merits for a *prima facie* retaliation claim, but they do nothing to address the applicability of *Younger* abstention, which requires this Court to dismiss Count VI in its entirety. Further, Plaintiff is not barred from using these documents in future motions as his state cases proceed and as this case continues in this Court. As for this Motion for Reconsideration, however, *Younger* requires this Court to abstain from hindering the state court's ability to perform its judicial functions. Plaintiff's retaliation claim, Count VI, has been dismissed from his First Amended Complaint, and thus his Motion for Reconsideration must be denied as well.

## VI. CONCLUSION

For the reasons discussed herein, Defendants' Motion to Dismiss [#30] is **GRANTED**, Plaintiff's Motion to Amend [#53] is **DENIED**, and Plaintiff's Motion for Reconsideration [#54] is **DENIED**.

**IT IS SO ORDERED.**

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: July 29, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 29, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager